**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AMERICAN MANUFACTURING COMPANY OF TEXAS, Respondent.**

**No. 25443.**

United States Court of Appeals
Fifth Circuit.
Dec. 30, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Mitchell L. Strickler, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Lawrence M. Joseph, Atty., N. L. R. B., for petitioner.

Karl H. Mueller, Harold E. Mueller, Mueller & Mueller, Fort Worth, Tex., for respondent.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

PER CURIAM:

We now add another chapter to the growing volume of cases involving that "aging but nevertheless persistently vexing problem" of when an employee is just an employee and when he may reach the status of supervisor. N. L. R. B. v. Security Guard Service, Inc., 384 F.2d 143 (5th Cir. 1967).

The National Labor Relations Board has petitioned this court to enforce a bargaining order against respondent American Manufacturing Company of Texas. The refusal to bargain is admitted, but respondent seeks to excuse the otherwise clear violation of sections 8(a) (5) and (1) by asserting that the certification of the Union was invalid because it included inspectors who were supervisors.

Section 2(11) of the National Labor Relations Act, 29 U.S.C.A. § 152(11), defines supervisor in terms of one "having authority, in the interest of the employer," over other employees, provided that "the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment." This court previously has said that this section "expressly insists that a supervisor 1) have authority 2) to use independent judgment 3) in performing such supervisor functions 4) in the interest of management." N.L.R.B. v. Security Guard Service, Inc., 384 F.2d at 147 (5th Cir. 1967).

In the present case the Regional Director, in his "Decision and Direction of Election," noted that the inspectors performed duties similar to those of inspectors in other related plants, worked alongside the production and maintenance employees, were paid the same (hourly), and were in other ways similar to the other employees. He also pointed out that although there was testimony that inspectors "are authorized to make recommendations as to hiring and firing and have authority to shut down the production line, no instance demonstrating the exercise of such authority was disclosed." When the Board ordered the election, it concluded that the record did not "affirmatively establish that the inspectors have the authority effectively to recommend disciplinary action." Our examination of the sparse record in this case indicates that there is substantial evidence to support these conclusions. As we noted in *Security Guard,* supra,

"Nearly every employee at some time, under certain conditions, tells someone else what to do. A supervisor may be vested with plenary power and rarely exercise it, but one who engages in an isolated incident of supervision is not necessarily a supervisor under the Act. If this were the criterion and the hallmark of supervision, then practically all employees would be supervisors. This Congress did not intend."

Id. at 149.

The respondent has unsuccessfully urged the same defense now in seven different stages of this case[1] before the Board and its representatives. "[W]e as the [eighth] evaluator of this case can find no fault with our [seven] predecessors." N. L. R. B. v. Security Guard Service, Inc., supra at 150.

The other issues raised by respondent are without merit, and, therefore, the Board order is enforced.

---

* Of the First Circuit, sitting by designation.

[1]. (1) Regional Director denied Company relief and ordered election with inspectors as part of the unit, Jan. 11, 1966; (2) Petition for Review of election order denied, Feb. 11, 1966; (3) Company advised the Board representative that it was going to challenge all inspectors votes, Pre-election conference, Feb. 14, 1966; (4) Company challenges to all inspectors votes at election denied, Feb. 15, 1966; (5) Regional Director overruled Company objections to the election, Apr. 20, 1966; (6) Petition for Review of the overruling of objections to the election denied by Board, June 3, 1966; (7) The current bargaining order, Jan. 13, 1967.